IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CV-266-BO

| | | |
|---|---|---|
| TRACY J. DERBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD C. WINTER, | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the court on Defendant's Motion for Summary Judgment. Plaintiff filed this action alleging gender discrimination and retaliation by her employer, Department of the Navy, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e-1 *et seq*. Defendant has moved for summary judgment as to all claims, and, for the reasons discussed below, Defendant's Motion is DENIED.

Plaintiff began working for Defendant in 1990 as an Information Technology (IT) Specialist at Marine Corps Air Station, Cherry Point. As of December, 2003, Plaintiff held a GS-12 IT Specialist position in the NAVAIR Depot Maintenance System (NDMS) Program Support Office (PSO). In February, 2004, Plaintiff, along with six males and five other females, applied for a GS-13 IT Specialist position. Kenneth Collins (Collins), a GS-2210-13 Supervisor for the NDMS PSO and Plaintiff's direct supervisor, scored each of the applicants from their resumes using selection criteria that he established based on the job description. Collins conducted no interviews. Applicant John Parker (Parker) received the most points with a score of twenty-two. Collins recommended that Parker be selected for the position, and Parker was in fact selected for

the GS-13 IT Specialist position.

Plaintiff filed her first EEO complaint on June 14, 2004, alleging discrimination based on sex arising out of her non-selection for the GS-13 position. On June 13, 2005, Plaintiff filed a second EEO complaint alleging retaliation based on her prior EEO activity. Plaintiff complained that she had been denied the opportunity to attend Test Training and Executive Leadership Program Training (ELP), and had been removed from the position of project lead for Inter-Service Material Accounting and Control Systems (IMACS), Open Plan, and Configuration Management.

## DISCUSSION

Summary judgment cannot be granted unless there are no genuine issues of material fact for trial. Fed. R. Civ. P. 56(c); *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"(emphasis in original)).

A plaintiff can establish a claim of discrimination through direct or circumstantial evidence by demonstrating that gender was a motivating factor for adverse employment

2

practices. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.2d 277, 285 (4th Cir. 2004) (citing *Desert Palace Inc. v. Costa*, 539 U.S. 90, 101(2003)). If unable to meet her burden by direct or circumstantial evidence, a Plaintiff may proceed under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 36 L. Ed. 2d 688, 93 S. Ct. 1817 (1973). Under this framework, Plaintiff must first establish a *prima facie* case of discrimination. Should she satisfy her burden, a presumption of discrimination arises and the burden shifts to Defendant to articulate a legitimate, non-discriminatory explanation. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-256 (1981). If Defendant meets this burden of production, the presumption created by the *prima facie* case is erased and the burden shifts back to Plaintiff to prove that Defendant's asserted reason was pretextual and the true reason was intentional discrimination by Defendant. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 510-511 (1993). Although the evidentiary burden shifts, the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Burdine*, 450 U.S. at 253.

I. *Failure to Promote*

Plaintiff has not offered direct or circumstantial evidence of discrimination, and therefore must proceed under the *McDonnell Douglas* framework. In order to establish a *prima facie* case of failure to promote, Plaintiff must show (1) that she is a member of a protected group; (2) that she applied for the position in question; (3) that she was qualified for the position; and (4) that she was rejected for the position under circumstances that give rise to an inference of unlawful discrimination. *Bryant v. Aiken Regional Medical Centers, Inc.*, 333 F.3d, 536, 544-45 (4th Cir. 2003).

3

Plaintiff is a member of a protected group (female) and in fact applied for the position in question, satisfying the first two prongs of the analysis. It can be reasonably inferred from the fact the Plaintiff was selected as the first-alternate to the selectee Parker that Plaintiff was qualified for the position. Plaintiff has alleged that she was denied advancement as a result of a method designed by her direct supervisor to promote a male employee. When considering the facts in the light most favorable to Plaintiff, it appears that she has satisfied the "relatively easy test of showing . . . that she was rejected under circumstances that give rise to an inference of unlawful discrimination." *Evans v. Technologies Applications & Serv. Co.*, 80 F3d. 954, 960 (4th Cir. 1996) (quoting *Young v. Lehman*, 748 F.2d 194, 197 (4th Cir.1984) (internal quotations omitted).

Under the *McDonnell Douglas* burden shifting scheme, once Plaintiff has demonstrated a *prima facie* case, Defendant must offer a legitimate, non-discriminatory explanation for its action. *Burdine*, 450 U.S. at 252-256. Defendant argues that Plaintiff was not selected for the GS-13 position only because she received a lower score on her application, and was therefore not the most qualified applicant. Should the Court accept this explanation as legitimate and non-discriminatory, the burden again shifts back to the Plaintiff to show that the legitimate reason offered by Defendant is, in fact, pretextual. *Id.* at 256. Plaintiff may succeed in showing pretext by "persuading the court that a discriminatory reason more likely motivated the employer . . . or . . . that the employer's proffered explanation is unworthy of credence." *Id.*, (citing *McDonnell Douglas*, 411 U.S. at 804-805, 93 S.Ct., at 1825-1826).

Plaintiff contends that the selection criteria created by Collins were tailored to allow him to award the most points to the desired selectee. Defendant claims that Collins simply generated

4

criteria from the job description. Collins conducted no interviews for the position, but he knew Parker and the applicants who received the next highest scores, Plaintiff and another female applicant, personally. There is no evidence that Collins knew personally any of the lower-scoring applicants. Defendant claims that the absence of applicant interviews is evidence that the selection process was conducted objectively and without discriminatory motives. However, a reasonable juror could conclude that the absence of an interview process is evidence that Collins had determined that Parker would be selected for the position to the exclusion of female applicants.[1] "[T]rial courts should act . . . with caution in granting summary judgment . . . [and may] deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby*, 477 U.S. at 255 (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)). The Court finds a genuine issue of material fact exists as to whether Defendant preselected Parker for the position and non-selected Plaintiff based on her gender. Accordingly, summary judgment is inappropriate as to Plaintiff's disparate treatment claim.

II.  *Retaliation*

In order to establish a *prima facie* case for retaliation, Plaintiff must demonstrate that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; (3) the Defendant was aware of her protected activity; and (4) a causal link exists between the protected activity and the adverse employment action. *Haulbrook v. Michelin North America, Inc.*, 252

---

[1] "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, 477 U.S. at 250.

5

F.3d 696, 705-07 (4th Cir. 2001). Defendant concedes that Plaintiff engaged in a protected activity by filing and EEO complaint, and it is apparent from the record that Plaintiff's employers were aware of her EEO activity.

Defendant contends that Plaintiff suffered no adverse employment action, and that, if she did, there was no causal connection between her protected activity and her alleged adverse employment action. Plaintiff contends that she was removed as a project lead and was denied attendance at Test Training and ELP as a result of her filing an EEO complaint, and she has alleged both a proximal and an actual causal connection between her protected activity and her adverse employment action. Plaintiff has alleged facts sufficient to establish a *prima facie* case of retaliation.

As with a claim of discrimination, once Plaintiff has established a *prima facie* case of retaliation, the burden shifts to Defendant to rebut the presumption of retaliation. *Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997) (*citing Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994)). If Defendant can show a legitimate, non-discriminatory reason for its actions, the burden shifts back to Plaintiff to show that Defendant's reason is mere pretext for retaliation. *Id.*

Defendant contends that corporate restructuring caused the projects on which Plaintiff was lead to be transferred, that Plaintiff did not attend Test Training due to terms that she imposed, and that no one from the PSO was permitted to attend ELP because the program was cost-prohibitive. Plaintiff rebuts these contentions by showing that as of February 2008, under the direction of a new supervisor, she was attending Executive Leadership Training. Further, she alleges that while her first EEO complaint was being investigated, Plaintiff's then supervisor Collins and his supervisor Jack Mills both stated that they would "guarantee" that Plaintiff would

"NEVER again be a team or project lead...." Pl's Ex. H (emphasis in original). Defendant has not demonstrated the absence of genuine issues of material fact. Accordingly, summary judgment is inappropriate as to Plaintiff's retaliation claim.

For the reasons discussed above, Defendant's Motion for Summary Judgment is DENIED.

SO ORDERED, this 19 day of July, 2008.

TERRENCE W. BOYLE
UNITED STATED DISTRICT JUDGE